No. 04–7271. KUNKLE *v.* TEXAS. Ct. Crim. App. Tex. Certiorari denied.

JUSTICE STEVENS, concurring.

In a state postconviction proceeding on November 17, 2004, the Texas Court of Criminal Appeals, by a 5-to-4 vote, entered a two-paragraph order denying petitioner Troy Kunkle's claim that his execution should be set aside because the proceedings that resulted in his death sentence violated the Eighth Amendment under *Penry* v. *Lynaugh*, 492 U. S. 302 (1989), and *Tennard* v. *Dretke*, 542 U. S. 274 (2004). Promptly after the Texas court entered its order, and only hours before his execution was scheduled, petitioner applied to this Court for a stay, which we granted. That was the second time this Court had stayed petitioner's scheduled execution. Because I recognize that granting a stay of execution is not without costs, I write to explain why I felt compelled to vote to grant it, and why I must now vote to deny petitioner's writ of certiorari.

Given the order entered by the Texas court, we had reason to doubt whether the court's decision was in fact based on adequate and independent state grounds. The court, for example, stated in its brief order that it had "reviewed [petitioner's] claims in light of *Tennard* v. *Dretke* and *Smith* v. *Texas.*" *Ex parte Kunkle*, No. WR–20,574–04, p. 2. If the court's decision had indeed been a ruling on the merits of Kunkle's federal claim, it was inconsistent with our decisions in *Penry*, *Tennard*, and more recently *Smith* v. *Texas*, *ante*, p. 37 *(per curiam)*, and we would have had jurisdiction to review and reverse the order. If, on the other hand, the order was independently based on the state procedural ground that the Texas court itself had no authority to grant the relief requested, we lack jurisdiction. *Herb* v. *Pitcairn*, 324 U. S. 117, 125–126 (1945). It is beyond dispute, however, that we had jurisdiction to enter a stay in order to give us time to determine

whether we have jurisdiction to reach the merits of Kunkle's federal claim.

I am now satisfied that the Texas court's determination was independently based on a determination of state law, see Tex. Code Crim. Proc. Ann., Art. 11.071, §5 (Vernon Supp. 2004–2005), and therefore that we cannot grant petitioner his requested relief. That result is regrettable because it seems plain that Kunkle's sentence was imposed in violation of the Constitution. In this proceeding, however, he has invoked a state remedy that, as a matter of state law, is not available to him. Accordingly, I concur in the Court's decision.